**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK MAHUKA, Jr.; JOAKIM MAHUKA, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> WILLIAM J. AILA, Jr., Deputy Director, Department of Hawaiian Home Lands; et al., <br><br> Defendants-Appellees. | No. 20-16369 <br><br> D.C. No. 1:19-cv-00177-LEK-RT <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted March 16, 2022**

Before:     SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Frank Mahuka, Jr. and Joakim Mahuka appeal pro se from the district

court's judgment dismissing their 42 U.S.C. § 1983 action alleging violations of

the Takings Clause and due process.  We have jurisdiction under 28 U.S.C. § 1291.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (dismissal for lack of standing). We affirm.

The district court properly dismissed plaintiffs' claims against defendant United States because plaintiffs failed to allege facts sufficient to state a plausible claim against the United States or challenge the eligibility requirements under the Hawaiian Homes Commission Act ("HHCA"). *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *Arakaki v. Lingle*, 477 F.3d 1048, 1054 (9th Cir. 2007) (the United States is an indispensable party to actions challenging the eligibility requirements for leases under the HHCA).

The district court properly dismissed plaintiffs' claims against the State defendants because plaintiffs failed to allege facts sufficient to demonstrate that they had suffered an injury-in-fact to a legally protected interest. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (to satisfy the injury-in-fact requirement for Article III standing, a plaintiff must show that he "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical" (citation and internal quotation marks omitted)).

Contrary to plaintiffs' contention, the district court properly construed

plaintiffs' opposition to the State defendants' motion to dismiss as a motion for reconsideration of the district court's order dismissing the United States from the action. The district court did not abuse its discretion by denying plaintiffs' motion for reconsideration because plaintiffs failed to present any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth requirements for reconsideration).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as meritless plaintiffs' contention that the district court failed to liberally construe their pleadings.

Plaintiffs' motion to strike the United States' answering brief, set forth in plaintiffs' reply brief, is denied.

**AFFIRMED.**